on behalf of the appellant Joseph Dougherty and he is in the gallery. We come here today on Mr. Dougherty being found the prevailing party on a cyber piracy claim and being denied recovery of his attorney's fees and court costs. The standard of review for both denial of court costs and attorney's fees is discretion of the court. The 11th circuit has stated that when you take a look at abuse of discretion that you take a look at number one was there a error in judgment by the underlying by the lower court and number two was there an incorrect legal standard applied. As briefed we have stated that the incorrect legal standard has been applied both for the costs and for the fees and because the district court Judge Cook did not indicate the reasons for her denial of costs and or fees that as a matter of law. Did you seek fees under the cyber piracy statute? We didn't have a chance to seek fees under the cyber piracy statute because the district court unilaterally denied that when entering the motion to dismiss. So the motion to dismiss was heard on September 28th. The court entered its order and said in its order I declined to exercise my discretion to award attorney's fees and costs to the defendant. Had you asked for during the discussion with the court about the dismissal either in writing or orally? Had you requested fees and costs in any way shape or form? Yes your honor and that is there is a communications post hearing where Judge Cook granted an abatement for Mr. Sisman's counsel who is not at the table but was Mr. Rosen to come up with some sort of evidence and then have a hearing on the summary judgment. During that abatement there was letters sent and also our objection to a consent to dismiss saying that we would be denied fees and were seeking fees under 8131. So yes the record does contain that. So you did seek fees under the cyber piracy statute? Yes. We have no published precedent applying the fees and cost portion of that statute? There is one. When you say we, the 11th circuit that's correct and I cited in my brief the Boggani v. Gomez case. That's the only one. It's a southern district court out of New York and it has never been cited by any other case. But you're correct your honor but with regards to the standard. I mean doesn't, first of all, do you think that 8131 trumps Rule 54 which normally awards cost to a prevailing party? I do not believe so. I believe that Rule 54D provides that the prevailing party cost shall be allowed as a matter of course to the prevailing party unless the court directs otherwise. Right but then 8131, the provision you're traveling on says the court may also, in its discretion, award cost and attorney's fees to the prevailing party. And that standard of discretion would be the same discretion this court has announced time and time again with regards to awarding costs that the only reason why you can deny it is number one if it's an indigent status or two, there's some misconduct on behalf of the prevailing party during the course of litigation. In this case, the discretion was never explained so therefore, and this court has stated, when you don't state the reasons for your denial, that's reversible error in and of itself because you can't determine what? Whether clear judgment or whether there was an error in judgment because you've not explained the basis. Let me ask you one more procedural question before you get to the rest of your argument. Given the way things played out in the district court, did you have a chance to file a bill of cost and itemize attorney's fees? Not at all. And as stated in our reply brief, it was, you know, the appellee contends that that, you know, trumps our request and it would be a fruitless act because the court said not only in the dismissal but also in the denial of motion for reconsideration that fees and costs would not be allowed so we didn't even have a chance because it was Right, you'd normally have a certain number of days after judgment to seek fees and costs. Yes. But here the judge told you at the judgment and on reconsideration that there was going to be no such award. Yes. Do you think there's a different standard, a different discretionary standard for fees and or costs under 8131 or is it the same? I think it's going to be the same and I don't want to say I think. I've been pondering that question and waiting for that question from the bench. So here's, we know what the standard is under Rule 54 and that is that there's presumption, entitlement and the losing party's got to tell the court why and we're presumed to have it unless we have some sort of misconduct. The discretion for attorney's fees is not stated in 8131 and as Judge Cook noted there's a dearth of is there misconduct on behalf of the prevailing party? When you take a look at the Bogani versus Gomez case, the only case that kind of discusses court costs, the court looked at the contemptuous behavior of the prevailing party, in that case the ex-wife, for failing to attend hearings, follow court orders and also the bad faith intent to sell the website. In this case we have no evidence and there is none, never will be, of any misconduct by Mr. Daugherty and secondly you have no evidence of any intent to sell and that was in the motion to dismiss for which the court even said and I have the page on, it's page 39 of the transcript, is it 39? Excuse me, 29, where the court said show me an email, show me a telephone record, show me a sticky on a refrigerator note and I'll give you it, I'll let you go, I'll let you have this case and the court said even if I gave you the opportunity to amend, I don't think that you can make it and that's on page 29. Counsel, it sounded to me and correct me that you were saying well the standard under 8131 ought to be like the standard under 54D which really on an attorney's fees you're really reversing the American rule without any statutory basis. As you say there's not one there but the presumption is usually the other way. The analogous statutes or not wholly analogous Lanham Act, patent and so forth generally talks about either bad faith or exceptional cases or a series of factors that are quite different from simply going to the British rule. Do you like any of those other standards or are you sort of holding that we ought to get the British rule under this statute? Your Honor, first and foremost I'm fully familiar with the fee shifting nature of attorney's fees and in that regard the Boghani case may assist this court because in Boghani it said well let's take a look at section 1125 of the Lanham Act. When it did the court noted and I'd like to expand on this in just a moment but the court noted that there was contemptuous acts by the prevailing party, by the losing party who was the one that created the domain site and two that she had the bad faith intent to profit from the sale of that mark or that the acts under Rule 54 looking at misconduct during the course of litigation. In this case what you have is Judge Cook saying I find no bad faith on behalf of the appellee in filing the lawsuit not during the course of litigation. That's an improper legal standard under any legal standard. However, if the court would consider the standards under 1125 as Boghani seemed to infer to determine if there was bad faith the court needs to remember as cited the solid host case that the bad faith is not a general bad faith. The bad faith is the specific bad faith to profit from the sale of. So Judge Cook's use of bad faith in the filing of the lawsuit almost changes the standard to a Rule 11 case where you have a frivolous case and continued prosecution of the case that can't be pled. Did Mr. Sidman prevail on the TRO to begin with? Your Honor, I'm not certain if there was a prevailing or if it was consent. Whatever, did the plaintiff in the case obtain a temporary restraining order entered by the court? Yes it did and by the way. Can I ask one more record question? Yes, Your Honor. Did discovery show that the domain name was not in your client's name or the company's claim but the domain name was actually registered in the name of Mr. Dougherty's wife? Is that correct? That is absolutely correct. Okay. And what's important if I may... And did your client ever disclose that fact when the lawsuit was filed or any point in time? Absolutely yes. And how early? When he answered the complaint on December 27, 2014, he denied ownership of the website. That's different than what I'm talking about. Did your client disclose that his wife had it? Yes and secondly I want to make sure you said how early. If I may just say first he denied ownership and then in his deposition he stated Patricia Dougherty owned it. So yes. That was in a deposition. That would What's important is we did file something with the court yesterday but even assuming the court will not look at that, the appellee stated, excuse me, served on May 7, 2015, which would be about five months after the lawsuit was filed, a cease and desist letter to Patricia Dougherty. Alright, your time has expired. You have five minutes for rebuttal. Thank you, Your Honor. Mr. Brodsky. Thank you, Your Honor. Benjamin Brodsky on behalf of the appellee, Brian Sidman. May it please the court. The trial court was well within its discretion to deny Joseph Dougherty's request for fees and costs when the record below demonstrated clear equitable reasons for doing so, namely that Mr. Dougherty had a negative pattern of defamatory conduct towards Mr. Sidman. What reasons did the district court give? Well, the reasons the district court gave were one, the lack of bad faith in Mr. Sidman in bringing this action and then on the order on the motion for reconsideration stated that for the reasons that she discussed with trial counsel on the record in the motion to dismiss hearing, that provided further support for her denial of fees and costs. What's crucial with respect to that motion to dismiss hearing is that there was extensive colloquy with counsel about whether Mr. Dougherty's conduct was sufficient to meet the specific intent requirement of section 8131. What had happened is, and it turns out, although we didn't learn this until midway through the case, that Patricia Dougherty, Mr. Dougherty's wife had registered a domain name in my client's name, BrianSidman.com. Then Mr. Dougherty went on to the internet, found photos of Mr. Sidman and his wife on their honeymoon, populated the website with those photographs and then stated on the website, don't trust Brian Sidman stealing your wealth. Do not trust or do business with Brian Sidman. He is a liar and a thief. Don't trust Brian A. Sidman, a board member of the Eric Trump Foundation. Don't trust Brian Sidman, Pella Windows and Doors, New Jersey. The record evidence supports that Pella Windows and Doors is Mr. Sidman's father's company in New Jersey. He has nothing to do with this case. Then Mr. Dougherty copied and pasted that URL name and sent an email to Mr. Sidman saying, you asked for it and now it's happening. You agreed to this and within a few days, you and Lewis will have at least five sites each and then the search engines will kick in. You will not get away with stealing my money. That's in page 89 of the appendix. Then Mr. Dougherty sent an email to Mr. Sidman's business colleague. Well, I don't want to rehash the entire litigation history, but I would like to ask you whether you think that there are, same question I asked your opponent, are there different standards under 8131 for an award of costs and an award of fees? Absolutely. The standard on the award of costs is an abuse of discretion and there is a presumption that the prevailing party gets fees like Judge Boggs pointed out. Right. Excuse me, costs. Excuse me. That the prevailing party gets costs and the trial court must come up with to the prevailing party and the court is supposed to use an equitable analysis looking at all the facts and circumstances. In the fees context of section 8131, the presumption is that nobody gets fees unless the court, in its discretion. So then, did Judge Cook say anything that would address the cost standards? Yes, absolutely, because the district court said she didn't find that Mr. Sidman acted in bad faith. But the cost, I mean the... Correct. Well, let me address the cost. By not acting in bad faith, you don't get out of cost, do you? Well, so let me discuss the standard on the issue of costs. The court's discretion is guided by equitable principles and I admit that I'm handicapped in this case because I came in late, but Judge, from a Sixth Circuit case, the white and white case from 1986, 786, Fed 2nd, 728, the court of appeals in that case went through all the many different factors that a trial court sitting there, watching the case, seeing everything that happens can go through in making a determination of whether the award of costs is permissible. You can look at whether it's a close question of law. The trial court can look whether there's been a, it was a closely fought case. The trial court can look at the financial... Did the judge really do any of that with reference to costs separate from fees? That is, it seemed to me that the judge gave a reason, albeit briefly, for why not awarding fees. It's a novel statute. You've already been hit hard by being thrown out with prejudice. But that is where I didn't see anything separate as to why this would be in the nature of a situation where you wouldn't get costs. Because the reasons given for the denial of fees apply with equal force for the denial of costs. Why? Because the question is, and this was what was discussed extensively in that hearing is, do the statements, you will not get away with stealing my money, and where is my money? Are those two statements sufficient to meet the specific intent requirement of section 8131? A pretty close legal question, and of course we're all handicapped because there's not a lot of case law to guide the district court. But because the district court referenced that extensive discussion in saying for the reasons stated in the hearing, the trial court would be well within her discretion to deny fees and costs on that, or deny costs on that basis. But on cost counsel, I mean, that's what I'm trying to get you away from. Frankly, it's not really relevant the case is gone, but I thought your client might have a pretty good case if I had been the trial judge. But the statement that it's a close case and the one side has points, again, doesn't that happen in the mine run of cases? That in order to deny costs, you usually have to have something pretty specific more than your, the other side had a good case as well. Well, I would say, Judge, that on abuse of discretion, we say, could someone find the fact that this case was so close, and the conduct was so objectionably reprehensible, looking in fairness, because that's really the lodestar here. What's fair? That's how the trial court is allowed to make the decision to deny the award of costs and overcome the presumption if the court finds on a case-by-case basis that fairness requires it. The trial court, a reasonable person could conclude that Mr. Sidman, having been subject to this, having a really close case, I would argue, on the cyber squatting, notwithstanding what the district court felt, that having brought this case, having had the identity of the owner of the website concealed, I disagree with Mr. Jordan's point that Mr. Daugherty disclosed it. Can I ask you this? I'm just looking at the docket sheet, and it does look like the conference she references was transcribed at docket 176. Yes, Your Honor. So she says in her motion for reconsideration on the cost and fees, it's not only the reason said before, but for the reasons why discussed at this hearing on 9-28-2015, and I wasn't sure it was transcribed. Sometimes hearings are and are not, but that appears to be transcribed? Yes, Your Honor. And so if I were to go look at that, are there any reasons or comments that would support why she's probably denying cost here? Absolutely. She gets into talking about the parties and everything and the claims? Yes. She specifically said what? I have to review that. I was trying to see if we had the record in here. Stephanie, do we have the record here? No? It's electronic. Okay. It's ECF 176. Okay. That's all I need to know, but so there would be, you have the transcript? I do, Your Honor. Okay. Can you hand that to the other lawyer and see if he agrees that's transcript? Okay. Can you hand it to the courtroom deputy? I just want to look at it. I didn't look at it ahead of time to see what other reasons she states. All right. You go back to your argument. I just wanted to see that record entry. Thank you. Thank you, Your Honor. And I think when you look through that transcript, I would draw your attention. I don't have the specific page in front of me. It's not a very long transcript. I think it's about 40 pages, but the trial court says, well, we certainly have a defamation claim here. I mean, I think what the trial court was saying is there is objectionably tortious conduct here. There is conduct that is for which you should get recompense, Mr. Sidman. The question is, is it proper to have come in federal court? And because it's such a close question, again, would anybody in their right mind say that under these facts, it's just not fair to allow Mr. Daugherty to get his costs because he did all these, wrote all these emails, he sent, he created this website, he used it and threatened my client with it? Would any district court in their right mind say that Mr. Daugherty really shouldn't get costs under equity here? Absolutely. And that's the abuse of discretion standard. Is it, could someone come up with that kind of reasonable analysis? And I think the answer is yes. Everyone, I think, would hate to be in the situation of Mr. Sidman. And certainly that would be, the trial court would be well within her discretion to make a decision based on that. Turning back to section 8131 to close out on the question of fees. Again, I think Judge Boggs, you have it absolutely correct. We are in America. We don't follow the British rule. I think that the, again, those same discretionary factors would support the trial court's decision not to award fees. And in fact, the trial court did import those Lanham Act standards, which is a finding of fraud, bad faith, or willful conduct. She specifically found no bad faith on behalf of Mr. Sidman in bringing this action. I don't think it's... Are the Lanham Act factors are what we should look to if we're establishing law here? Yes. The court may look to those factors and certainly they can guide those. The Lanham Act also has a cyber squatting cause of action, private cause of action contained within it. The statute at issue here, 8131, governs individual causes of action. So the statutes really closely parallel one another. And the trial court in looking at those statutes look to the closest analogous statute at hand. But again, the court didn't have to award anything if it didn't want to under that statute. It certainly might have if it wanted to, certainly would have had to cross over into something that was extraordinary. I think that was Judge Jordan's comment. I don't think there was anything extraordinary that Mr. Sidman did here besides vindicate his rights, or at least attempt to, that would justify having attorney's fees awarded against him. If there are no further questions, I will sit down. Thank you very much. Mr. Jordan, you reserved five. Yes. Thank you, your honors. First, I'd like to address the fact that regardless of what evidence you're hearing, for us to establish the fact that there was a basis for attorney's fees, having made the ruling without even us having an opportunity to file a bill of cost or a motion for fees, and simply cut us off. Actually, you normally rule on entitlement before you put that in. So that's not persuasive. You normally have a ruling on entitlement because there's no point putting all the fees in. And then you decide how much. And so the entitlement was denied before we even had an opportunity to apply whatever standard. That's why we ask, if you ask for them in your pleadings, and you did, and she ruled on it. Now, maybe she didn't adequately rule on it. I don't know. That's another issue. And, your honor, when you, Judge Hall, when you review that transcript, you will find the word concealment, conceal. You will not find any iteration of that term. The entire hearing was based on the fact that Mr. Daugherty had never had an intent to sell it, it being the website. And what's very important here is that the brief filed by Mr. Sidman's attorney has this revisionist history about some sort of concealment that never occurred in these pleadings, or excuse me, in this litigation. It is very important for the court to understand that while there may be a claim for defamation, there was never a claim for cyber piracy. To hail Mr. Daugherty into federal court with all the attended fees and costs was a plan by Mr. Sidman to amp up the issue, to attempt to get fees so that he would get attrition, a concession by attrition of fees and costs. There's no basis, and as the trial court said, on page 29 of that transcript, and if, your counsel, wouldn't your client have been happy to get the money that he claimed was owed him and then he would pull down the website? Or would he have continued defaming him, allegedly defaming him, if he'd gotten his money? Actually, the evidence establishes in the trial, excuse me, the deposition transcript, that the website was already pulled down two days after it was put up, no more than 48 hours. So he said that my money was already gone. Is this what we're talking about, that your client put up, he admits he put it up? I believe so. Those pictures of the plaintiff here? Yes, they are. Yes, they are. And so therefore, Judge Boggs, to answer your question directly, is the website was only up for 24 to 48 hours and was down before the lawsuit was ever filed, never before used again. So the answer to that question would be no, that there was no intent to sell and the court found it. Did the client put up a register, a domain name, Sidman something com, or whatever it is? No, he did not. Patricia? But his wife did. His wife? What was the domain name? She went and registered it to the plaintiff's name. BrianSidman.com. And no one takes issue, Your Honor, that the two prongs of 8131 would have been met. The third one, the court stated that even if I gave you an opportunity to amend, to bring the case forward, I would never intend to sell. May I add one more thing, which is? Is your time? Oh, no, you still got one. I've got a second. You've got a minute and a half. With regards to the cost issue, this court has been very clear that the abuse of discretion standard is limited, appears to be limited, to two items. And this court went and used a standard saying, bad faith in the filing of the lawsuit. May I say to the court, bad faith in filing of the lawsuit sounds like a rule of it. I know I said it before. But it is not in any of the cases, not a single iteration from any cases about filing the lawsuit. It is the maintenance and the maintaining and the continued denial of the fact that Mr. Daugherty never intended to sell, couldn't sell something he didn't own, and they knew when they sent out the case. He couldn't sell it because his wife owned it. Correct. And they knew that because the cease and desist letter on March, on May 7th, months before the case was dismissed, and only like two weeks. Should they have added the wife, if they found that out before the deposition, should they have added the wife as a party and then he'd have a good case? Is that what you're telling us? Maybe, but then Judge Cook even said that even if you add the wife, you're still not going to get it because there's not even a refrigerator note or a sticky that would indicate there was intent to sell. The point being is that the plaintiff maintained a federal cause of action to dovetail in state causes of action to amp up the case. And got a TRO on that federal cause of action. And he did. And that TRO subsequently, and that's the only remedy you can get under 81-31 anyway. So at the end of the day. I have one question, counsel. The statement about it was pulled down after 24 to 48 hours, Yes. Where does that appear in the record? I didn't want to interrupt you, I apologize. And I just sort of wondered then why were they still sending notices to Ms. Sidman in April and so on? And your honor, that is found in Mr. Doherty's deposition. It's unequivocal that he said it was up for no more than 24 to 48 hours and was pulled down. He testified that By the it, you mean the material on that URL, but the URL was still in existence? The website was shut down. The BrianSidman.com was shut down. You cannot access it as we sit here today. It's in his deposition though. Yes, it is. Thank you. And furthermore, if I may add to that, Judge Boggs, is that I'm finished. Okay, that's fine. Thank you, Mr. Jordan. The case is submitted. Thank you very much, your honor. Court is in recess.